### IN UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 16-09245 |
| | ) | |
| LEONARD GARGAS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Bruce W. Black |
| | ) | JOLIET |
| | ) | |
| | ) | |

### HEARTLAND BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOW COMES** HEARTLAND BANK AND TRUST COMPANY ("Heartland"), by and through its attorneys, The Collins Law Firm, P.C., and pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001, for its Motion for Relief from the Automatic Stay imposed by the Bankruptcy Filing of Debtor, Leonard Gargas ("Debtor"), and in support of its objection, states as follows:

### Background

1. On or about September 11, 2014, Heartland filed its Complaint for Commercial Mortgage Foreclosure and Other Relief against Debtor, among others, as case no. 2014 CH 14686 in the Circuit Court of Cook County. A true and accurate copy of the Complaint is attached hereto as Exhibit "A" and incorporated herein by reference. Attached to Exhibit A are true and accurate copies of the Promissory Note (the "Note"), executed by the Debtor, securing a Mortgage (the "Mortgage") in favor of Heartland on the real property located at 15414 S. Harlem Ave., Orland Park, IL 60462 (the "Property").

2. On November 9, 2015, the Circuit Court granted Summary Judgment, in favor of Heartland and against Debtor. A true and accurate copy of the Order Entered November 9, 2015 is attached hereto as Exhibit "B" and incorporated herein by reference.

3. Also on November 9, 2015, the Circuit Court entered an Order granting Judgment of Foreclosure and Sale, in favor of Heartland and against Debtor and the Property. A true and accurate copy of the Judgment of Foreclosure and Sale Entered November 9, 2015 is attached hereto as Exhibit "C" and incorporated herein by reference.

4. On or about January 8, 2016 a Judicial Sale of the Property was conducted, wherein Heartland was the highest bidder, in the amount of $136,000.00, which amount was insufficient to satisfy the amounts due and owing to Heartland, and leaving a deficiency against Debtor in the amount of $122,756.86.

5. On or about January 19, 2016 Heartland filed its Motion for Order Approving Report of Sale and Distribution, Confirming Sale, and Order for Possession, which was scheduled to be heard on March 18, 2016 at 8:45 a.m. A true and accurate copy of the Motion for Order Approving Report of Sale and Distribution, Confirming Sale, and Order for Possession is attached hereto as Exhibit "D" and incorporated herein by reference. Attached to Exhibit D is the Certificate of Sale, Receipt of Sale, Report of Sale and Distribution, Certificate of Publication, and a proposed Order Approving Report of Sale and Distribution, Confirming Sale, and Order for Possession.

6. On March 17, 2016 at 2:40 p.m., less than one day before the Judicial Sale of the Property was set to be confirmed and Heartland awarded possession of the Property, Debtor, a licensed attorney, filed his Voluntary Petition for Individuals Filing Bankruptcy (the "Petition").

Subsequently, all proceedings it the Foreclosure action, Cook County Case No. 2014 CH 14686, have been stayed, pending the Bankruptcy of Debtor.

7.      On April 14, 2016, Debtor filed his Schedules and Other Required Documents, including a proposed payment plan. This plan does not provide for payment of amounts due and owing to Heartland. A true and accurate copy of the Schedule filed by Debtor on April 14, 2016 is attached hereto as Exhibit "E" and incorporated herein by reference. A true and accurate copy of the Chapter 13 Plan filed by Debtor on April 14, 2016 is attached hereto as Exhibit "F" and incorporated herein by reference.

## ARGUMENT

8.      Section 362(d) of the United State Bankruptcy Code provides in pertinent part that:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;"

11 U.S.C. § 362(d)

9.      Per the Schedule filed by Debtor, the subject Property is without Equity. The total balance owed under the Note secured by the Property is $259,756.86. The Debtor lists the value of the Property as $135,000.00. Further evidence of this lack of any equity is that the Property has already been sold at Judicial Sale for the price of $136,000.00, leaving a deficiency at that time of $122,756.86. See Exhibit D and the attachments thereto. See also Exhibit E.

10. Pursuant to 11 U.S.C. § 362(d) quoted above, Heartland is entitled to relief from the automatic stay "the debtor does not have an equity in such property." See 11 U.S.C. § 362(d)(2)(A)

11. Additionally, "such property is not necessary to an effective reorganization" as there is no remaining value in the subject property which could be distributed the any unsecured creditors, to the extent that Debtors petition or bankruptcy proceedings seek such relief. See 11 U.S.C. § 362(d)(2)(B)

12. Moreover, Pursuant to 11 U.S.C. § 362(d)(1), Heartland is entitled to relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest" in that real estate taxes have not been paid by Debtor and are currently in arrears in the amount of $33,387.87 (See Exhibit D and the attachments thereto), payment to Heartland is not provided for in Debtors proposed Plan (See Exhibit F), and Debtor continues to fail to make payments due under the Note or the Court Order of the Circuit Court which ordered Debtor to pay Heartland use and occupancy during the pendency of the Foreclosure (See Exhibit D and the attachments thereto, See also Exhibits B & C).

11. Federal Rule of Bankruptcy Procedure 4001(a)(3) provides that:

> "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

Fed. R. Bankr. P. 4001(a)(3)

12. Due to the fact that the judicial sale has taken place and is awaiting only to be confirmed by the Circuit Court, there is no just reason to delay enforcement of the Order Granting Heartland's Motion for Relief from the Automatic Stay. Also, the date set for an Order approving

the judicial sale of the Property is currently scheduled for May 10, 2016 in the Circuit Court of Cook County. Accordingly, the Court should determine that the Order is effective immediately.

18. Finally, as the Judicial Sale has already taken place in accordance with the IMFL, Debtor no longer has any rights, statutory or otherwise, to cure the deficiency, redeem the property, or otherwise continue to remain in possession of the property and make payments under the Note, the Mortgage, or any potential Repayment Plan pursuant to Chapter 13 of the Code. See *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 920 (7th Cir. 2003) ("[A] default on a mortgage lien "may be cured ... until such residence is *sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.*" 11 U.S.C. § 1322(c)(1) (emphasis supplied). The statute's wording and its legislative history both indicate an intent to set the limit on the right to cure no earlier than the date of the judicial sale.)

WHEREFORE, Creditor, HEARTLAND BANK AND TRUST COMPANY, respectfully requests that this Court:

A. Enter the attached Proposed Order Granting Relief from Automatic Stay; and

B. Grant any other relief that this Court deems equitable and just.

Dated: April 15, 2016                                              Respectfully Submitted,

**HEARTLAND BANK AND TRUST COMPANY**

Robert L. Dawidiuk #6282717
Jeffrey M. Cisowski #6308759
THE COLLINS LAW FIRM, P.C.           ___/s/ Robert L. Dawidiuk_____
1770 N. Park Street, Suite 200       One of its Attorneys
Naperville, IL 60563
(630) 527-1595
rdawidiuk@collinslaw.com
jciscowski@collinslaw.com